Dear Mr. Cheramie:
In your request, you asked for a clarification and reconsideration of Attorney General Opinion Number 91-589-A in the following respects.
 1. Does the opinion forbid the district from paying 100% of the health insurance premiums of district employees?
 2. You ask for a reconsideration of our opinion that the Fresh Water District may not spend $95,000.00 on a hydrology study of the water flow in Bayou Lafourche.
Our opinion is as follows:
1. In Opinion Number 91-589-A, in answer to a question dealing with life insurance, we stated that, "L.S.A. R.S. 42:821(A)(1)(6) limits the governmental contribution to fifty (50)% per cent of total premium costs of health insurance policies". This statute deals with state employees and other groups. Any inference in that opinion that the health insurance contributions of the district toward employees' policies is limited to 50% is incorrect in light of the clear language of L.S.A. R.S. 33:5151(B) which states:
 B. Nothing in this section or in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward the payments of premiums for accident and health protection for its employees or their dependants, or both."
The Bayou Lafourche Fresh Water District is a local governmental subdivision and therefore can pay one hundred (100%) per cent of the premium costs of health and accident insurance. See also our previous opinions 90-106 and 88-480.
2. In 91-589-A we stated that the Fresh Water District was not authorized by its enabling legislation, Act 113 of 1950 as amended, to spend $95,000.00 on a hydrology study to be performed by the Louisiana Geological Survey. We further stated that these funds could not come from an ad valorem tax proposition whose purpose is, "of paying the maintenance and operating expenses of the District's water facilities." We are still of the opinion that these funds may not come from the ad valorem tax. We have been asked to reconsider the general proposition of whether or not the district, if other funds are available, may fund this study. The purpose of the district as stated in its enabling legislation is "of furnishing fresh water to the incorporated villages, towns and cities along Bayou Lafourche and within or adjacent to the boundaries of said district."
In researching this issue, we have been provided with and have reviewed a document entitled, "The Study and Application of Fresh Water Resources To Bayou Lafourche." In your request you state that the bayou is over 110 miles long and further that the district provides a very large pumping station at Donaldsonville. The question that would hopefully be answered by the Hydrology Study is whether or not "increasing the rate of flow at the pumping station, will in effect, provide adequate amounts of fresh water to the lower regions." Furthermore, you state that over 250,000 people in this state get their drinking water from Bayou Lafourche. You also state that the district is greatly concerned about salt water intrusion into the bayou.
In light of the above factors, upon reconsideration, we are of the opinion that the Hydrology Study is indeed within the scope of the district's responsibilities, and may, in fact, be vital to its future operation. Therefore the district may spend the suggested sum on the Hydrology Study.
Trusting the above is helpful to your inquiry, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr